May it please the Court, I'm Beth Finson and I represent the appellants, the Taylors, Alan Taylor and Linnell Taylor. This this case is really a straightforward. Just tilt the microphone a little short. This case is really a straightforward application of the the expressed terms of the Truth in Lending Act and as recently affirmed or explained by a unanimous Supreme Court in the issues arose from the rescission provision of the Truth in Lending Act which are set forth in the act and then there's case law that there's a step one and step one is the rescission. When you send a letter that's the rescission and it happens by operation law and that's what my client did and that's what we planned. Yes. I was just gonna ask you you're assuming that the letter that was sent was in fact effective but under under our decision in McGill how how was it? Wasn't it sent to the wrong party? It was sent to both parties. It was sent to a trustee who then got they got it within the timely within the three-year extended period. Put aside the three-year. I agree the district court was wrong on that but I I think under McGill though it was not sent to the party that it needed to be sent to. To the party it needed. The facts and maybe they weren't maybe they weren't pleaded correctly but the facts were that he sent. We have the letter. Yeah. I can look at who it was addressed to. Yeah yeah yeah who it was addressed to but then it was also sent who faxed it to Deutsche Bank to the trustee. The one that went to Bosco was an attorney who was under the Deed of Trust Act acting as trustee under the Deed of Trust and was supposed to be a neutral you know between the borrower on the Deed of Trust and the beneficiary and so he he did send it to that client to Deutsche Bank. Wait wait. Bosco sent it to Deutsche Bank. Yeah I'm not talking about. Yeah. I'm talking about your client. Oh my client. The only people they sent it to was this lawyer for the party representing the trustee right? Right. And I'm asking. But he also represented he's also an attorney. Yeah yeah but I'm asking under McGill. Mm-hmm. Right. That's Bosco? Correct. Yeah okay. Okay and I'm just asking under McGill we had a somewhat similar situation. We said no that that doesn't count. You have to send it to the bank. It has to get to them but I don't think in McGill did it get to the beneficiary because this one did. It was sent to Bosco and then sent to Deutsche. I mean they had it timely. So I don't know if that makes a difference and you're and then another one was sent you know within the statutory period as well. So say the last part again. Another one was also sent. Another letter was sent a month later. This were the September 2008 letter was the one that you know this is notice of rescission and followed all the statutory requirements and but then there was another one sent in October too. To whom? To all the parties. To Deutsche because by then there was a bankruptcy and I think that they had appeared and that he knew where to send it because this was a consumer sending it on its own you know. Well would you explain why this wasn't all settled? What? With the modification? Yeah. Because the circumstances were such that we have a consumer who's under fire. He is in bankruptcy and he is trying to do You have an agent for Deutsche Bank who's supposed to be the real beneficiary who's saying well we'll do this for you and make this work for now. But he never he never said well I waive my rescission rights. It doesn't say it. There's no position it was it was it was duress. Is that what I don't think right he's supposed to encourage this to happen in a bankruptcy is to settle this. Well yeah yeah yeah yeah but not in a way that the Treatment and Lending Act and there's some case law about this it's pretty specific about how you can't you can't just you can't just easily waive your rights because it's a consumer protection statute and it's you know we have to read it in that flavor and it's designed to protect consumers who may not know the boilerplate of what what all they're rights after the fact especially without using this very specific language under very specific terms you can do it but it's it's it's at closing of the loan and it has to contain certain language and so public policy doesn't encourage waiving especially inadvertent waiving of those rights I would say. Yeah in the in the loan modification agreement? Correct right and in fact at that time. So you can't ever settle you can't ever the debtor goes into bankruptcy and and they modify the loan and you're saying that under the Truth and Lending Act they can't do that? I'm saying they can't waive their rescission rights if they've exercised them effectively. The statute is pretty you know straightforward and I think that was Scalia's bent with it in Jastrzenowski I mean it just says what it says it is it is sort of draconian in that sense in that ordinarily we see you know statutes of limitations have harsh application it may you know but the lender has to do something they can't just get this letter of rescission and do nothing. Isn't that treated as a rejection? It can be treated as rejection but then that would put again the onus back on the borrower which I don't think the statute reads that way to have to go to court it's supposed to be the lender it's supposed to happen by operational law that much is clear and then the lender can say we don't accept this and they can they can take it to court and that's that's how the that's how the statute reads. I thought the statute gave them a certain amount of time to respond. It gives the bank a certain amount of time to go to court and say we want to reorder these steps two and three it's called an equitable reordering and they can do that they can do that but what they can't do is just nothing and just act like it didn't occur because it did under Jastrzynowski and under the plain language of the statute. Yeah but I guess let me just follow up on Judge Schroeder's question because so let's say that you as the borrower have decided at time one that it's in my interest to rescind this I just want to unwind the whole transaction I'll give back the money or whatever but at time two before everything in fact has been unwound you decide you know what actually it's not in my interest now to do that I'm content to just basically renegotiate the terms of the loan and if the bank will give me that then I'll forget about this rescission thing right you're not saying that that's an option that's unavailable are you no no that's available okay yeah so then why isn't that exactly what happened here oh why that's what happened here yeah why not because that was in his intent like that was never his intent to waive his rights and to waive that rescission well I mean I'm not sure the tenants here neither here nor there and nothing in the contract but I would say but I know so we have to read the contract that he signed and nothing in it says that we're undoing the rescission or that this is how could the loan be rescinded it doesn't treat it you know it doesn't treat that topic and it should have and actually it's drafted by the bank you know it's presented by the bank it's the terms are pretty much adhesion you know and that's what they're not your client could have said no thanks don't didn't you get my rescission notice and I'm insisting upon on writing this whole transaction instead what your clients did was negotiate more favorable terms on the loan and avoid the foreclosure sale well yeah they weren't really they added almost a hundred thousand to principal they weren't really favorable terms on the loan but yeah well principal was added but the with the rate went down mm-hmm right but it was like it was like two hundred eighty one thousand dollar loan and they added a hundred thousand to it so that's pretty well they they had the house for quite a period yeah they've lived there for thirty years as their family home are they still in the house no they lost the house we asked for stay relief we asked that the trustee still not occur and we moved the trial court and here for emergency relief and was denied and so when did they lose the house when did they move a Christmas but again and following the flavor of the the previous argument is is that this was a 12b6 motion it's about sufficiency of the pleadings and we pled how the notice was deficient and we pled that they didn't receive two copies in a form they could take home and that should have been enough to state a claim they and then the defendants attached extrinsic evidence of this acknowledgment that my clients didn't have a copy of I don't the judge in the order thought they had one copy we they had no copies they'd never seen it so we objected to that because it should have been it should have been rule 56 it should have been turned into a summary judgment motion if they're going to attach extrinsic evidence that's not contemplated by the pleadings you know it was just it was an improper dismissal for sufficiency of the pleadings because there were enough facts there and it met the Iqbal-Tuamly standard. So the rescission the rescission happened the rescission that you're referring to mm-hmm happened in 2007 2008 2008 the lawsuit was filed in 2016 yes how is the statute not run no matter what no matter what it was because they it ran but it didn't run on my clients rights and it didn't run on step one it became the net the bank had no longer go to court and seek an equitable reordering the bank had no longer challenge it because that was the onus was after step one which is what the consumer does by the plain terms of the statute it was the onus was on the bank to do something and again indeed I've had those cases where a bank will contest a decision and they'll come in and want a declaratory judgment that it didn't occur because it's the Truth in Lending Act is it has that automatic that powerful powerful remedy for for for borrowers but they were in the house so if if the time ran yeah then they were paying to under the loan modification right it hadn't been rescinded right but they did a vile rescission the bank didn't do what it was supposed to do on its side and so the burden and the the failure and shouldn't fall on the consumer who did properly exercise his rights want to save some time for yes good morning your honors I'm Kelly Dove and I represent Deutsche Bank in this action I think some of your honors questions get to the heart of what's going on here and the purported recession I don't mean to interrupt the flow of the argument but I just did the would you explain it how a rescission is supposed to work in your view well I think there's two different ways it can work one way is the consumer reaches out to the lender and says I am exercising my intent to rescind and the lender may recognize that it had some failure under TILA and accept the rescission and in that circumstance the rescission does in fact happen by operational law because the parties have agreed about the TILA here there was a notice of rescission let's there was not any response from the lender right there was not direct response from the lender I want to the effect of that well I want to respect the the conditions of your question but also point out that the letters that purported to exercise the the right to rescind did both go to Tiffany and Bosco they're on the face of the document they say via and they do say Deutsche Bank at the top and say via Tiffany and Bosco and there is no record evidence demonstrating that there was any any rescission sent to Deutsche Bank Tiffany and Bosco did write back on October 6 was one of those letters and said are you alleging that we failed or that the lender failed to give you copies or are you alleging that you did not execute the document there was not a response exactly to that letter and then again on October 21st 2008 Mr. Taylor sent another letter to Tiffany and Bosco that was what he titled a qualified written request asking a series of questions and again noting his intent to rescind so under Miguel we think that is not effective where in Miguel it held it could not go to just an agent of the lender it had just respect the terms of my question now for a minute so what what was the lender if it did go to the right place if it did go to whose burden was it um to to do something at that ultimately the borrowers so under the statute the lender has 20 days to to come forward and say yes we accept your rescission or take some other action but if the lender doesn't take an action or does not cancel under the rescission the borrower has one year from that time under 6 1640e and um as Miguel recognized to take some action against the borrower to enforce the rescission it's the borrower has to take some action against the lender or the yes to because otherwise there it's just in in some kind of legal purgatory um and and the the cases abound with that being the way it happens i mean this court has recognized that in merit a case cited by appellants um yamamoto um mokomi which is a case that has since been um partially overruled by the jasinoski decision but this is what typically happens is if a lender says no we don't accept your rescission we did not have a tila violation the borrower brings suit against the lender to enforce the rescission and has one year from the refusal to cancel to do that and it's the same effect it's the same burden whether they respond or whether they don't yes i i don't have any specific authority for that but if the lender says no the borrower has to take some action to enforce its rescission and here the borrower by any number of measures just took no such action for for many many years i mean even though there was no prompt response directly from deutsche bank to the the letters that were sent within the three-year period but incorrectly to tiffany and bosco mr taylor later sent a letter to the servicer to asc in early 2009 to which asc responded explicitly by a letter of february 6 2009 and said your extended right to rescind has expired we're we're not going along with this um if you take that one-year statute of limitations from 1640e and you you apply it to any number of events whether it's the february 6 2009 letter from asc whether it's the bankruptcy proceedings where the lender explicitly via its servicer moved to lift the stay in also in january 2009 whether it's the recordation of the cancellation of mr taylor's you know self-recorded deed of reconveyance by any their 2016 lawsuit is very very untimely and that's not taking into account the fact that they later entered the loan modification agreement which reaffirmed their obligations although modified and and and though it did add some principle to the loan in the amount of i think closer to fifty four thousand dollars because it incorporated all of the overdue and past interest and missed payments it lowered the interest rate from a variable rate between that fluctuated between 7 and 14 percent down to four percent and made the loan fixed as opposed to variable there's no waiver in there's there's no waiver of a right to a teal acclaim in the loan modification agreement we we're simply arguing that by virtue of entering the agreement they have negotiated this this agreement which gets rid of the fact any fact that they might have previously argued about rescission the cases that appellants cite that have to do with waiver are cases in which a loan modification agreement includes an explicit waiver of causes of action here at the time they entered the loan modification in 2010 there were no pending causes of action appellants had never brought a teal acclaim the lender never asked them to waive a teal acclaim or there's there's just no waiver in there at all it's just the fact of their entering the agreement undercuts any claim they have about rescission and i'd be happy to address the false recording issue if your honors have any questions about that thank you thank you okay we'll hear from you in rebuttal um i would just like to to clarify um opposing council said that 1640e somehow places the burden back on the borrower it doesn't say that that's not what the statute says you can look for that that's not there it doesn't say which party acts next what it says is that you have you as the borrower have one year within which to bring any action predicated on a violation of the provisions of the statute i think though that that is it false they've done something which jessanoski tells us they've done something and it has a legal effect they have started something that then then the bank is the only party that can feasibly go and say we want an equitable reordering of the steps for paying back because that's what the bank generally does under the truth in lending act they'll go to court to get a declaratory judgment see how much is oh because you're going to have to unwind the thing and i'm saying now yeah that's time barred they can't unwind it anymore no no but the step one still happened okay i grant you that so right let's assume that the notice was properly sent that it triggered the bank i think the bank is given what 20 days in which they're supposed to do something okay got it so they don't do anything right you as the borrower sitting there saying hey my loan should have been rescinded at this point right why doesn't the 1640e say you have a year after that 20 days expires and the bank has done nothing to basically put into effect the rescission that you've asked for yeah you have a year in which to go after them in court and if you don't then why isn't your action there's no way of understanding what the status of the well i think the one year does apply for other you know truth and the the rescission is like a is a separate remedy and it's a it's a special deal in the in the statute but there are lots of little you know truth and lending violations that you would have a year to sue and so i think that that i don't i don't know that put when when the statute has a specific order and our supreme court has just said yes it really does mean what it says um step one is the borrowers then why why do why does the statute does not say the borrower retains all burdens to make sure that this occurs in fact you know and in practical application it happens otherwise a lot of banks ignored it they shouldn't i mean that's the purpose of the act is consumer protection and i don't think we should encourage the banks to just ignore people and say no you know this it didn't occur when we have a statute and justin oski that says it did but otherwise you can show up 25 years later and say hey remember that notice i sent you no you can't because you can't unwind it anymore but what we're just saying is the rescission happened and what's the effect of that the rescission happened by operation of law and what's the borrower that slept on his rides it was the bank because they needed to do something affirmative if this is the operation of law and that is what justin oski clearly says i mean three times you know so why does the onus fall on the borrowed you stayed in the house anyway okay any questions okay okay thank you case just argued will be submitted appreciate the arguments we will move to the last case on the calendar which is tony versus young
judges: Schroeder, Watford, Illston